Ruffin, Chief Justice.
The objections taken to the plaintiff’s recovery are, that at the time of Haughton’s conveyance his title had been divested by the levy of the execution, or had been turned into a mere'right; and therefore inalienable, by an adverse possession in the Sheriff.
It might be adduced as an answer, that in point of fact there was not an adverse possession. It actually remained with Haughton up to the execution of the deed by him, and indeed, until the sale and delivery to the plaintiff. To *158 many purposes the possession of Haughton may be that of the Sheriff; yet it could not be so in the sense of being adverse to Haughton himself, and of turning any right he had in the slave into'a chose in action. That cannot happen except when the right is in one person and the possession is actually and exclusively in some other. If Haughton had any right in the slave, it was in this case a right in possession ; subject neverthless to the lien of the execution.
The geaer-tio^thaf1 ty^n goods taken in execution. is in the must've understood with quah-fixations, giveshim ty^o'ena-' ble him to money he panded to fheteroaerd -ty is given ¡s necessa-^rno¿ar' far ás it is The^sheriff ¡tisdivested out of the defendant, course no Thisinter est in the which Is property, him toper-f^jud results from the very terms ‘'special property ” that, subject to the raising of the debt, the general property is in the former owner.
*158 But the Court does not sustain the judgment by confining the opinion to that point. We think the objection is throughout fallacious. The principles on which it is founded seem to us to be misapprehended and misapplied. If the possession had not been left with Haughton, but had been taken and kept by the Sheriff personally, yet, in our judgment the right of the defendant in execution would not have been absolutely divested, but an interest would have been left in him capable of being sold and legally conveyed.
It is true, that it is said, when a Sheriff seizes goods, the property is changed. A seizure to the value of the debt prima facie satisfies it and discharges the debtor; and therefore the defendant loses the property and it vests in the Sheriff. But if the Sheriff seizes less than the value, the debt on the one hand, is not paid ; and if he seizes more than the value, • the property, on the other hand, does not belong absolutely to the Sheriff . The general proposition, then, that the property in goods taken in execution is in the Sheriff must be understood with qualifications. The law gives him the property to enable him to raise the money he js commanded to make ; and the property is given as far as i 1 •/ c? it is necessary for that purpose, but no farther. As far as it is vested in the Sheriff, it is. divested out of the defendant; kut 0f course no farther. This' interest in the Sheriff is . . . called the special property ; that is to say, such a right and possession as is deemed necessary to the special purpose of sat’sfy^n§ the execution debt; which enables the Sheriff to make a sale of it, to defend his possession and to bring an action against one who disturbs his possession before the execution has been satisfied. But it results from the very terms “ sPec^ property,” that,'subject to the raising of the debt, the general property is in the former owner. Every *159 case of bailment gives rise to a similar division of property, if the expression may be allowed. In reference to the particular case under consideration, this general ownership and its nature as a present valuable interest will be plainly established by recurring to a few legal positions, which are undeniable, Upon payment of the debt to the Sheriff, the general and unqualified property is ipso facto in the defendant; and the Sheriff loses his property without having made a sale, and without any farther or other act by him and even against his will. Again, if the Sheriff make a sale for a larger T • ! 1 . - , , , = sum than is due on the execution, the excess belongs to the debtor and may be recovered in an action for money had and received. The reason is, because it is the proceeds of the sale of the defendant’s property. The interest of the Sheriff is therefore limited by the purpose for which it was created; which is the creditor’s satisfaction. Beyond that the holds for the original. owner; whose interest is, therefore, obviously a valuable present property, the subject of sale and conveyance, but liable in the hands of the assignee, as it was in those of the assignor, to be defeated by a sale of the chattels, if the debt be not otherwise discharged.
The judgment must be affirmed.
Per Curiam. Judgment affirmed.